OPINION

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDUARDO ZAPATA-ORTIZ<br>    *Movant*, | § § § | |
| v. | § § § | CIVIL NO. 10-280<br>CRIM. NO. 09-650 |
| THE UNITED STATES OF AMERICA<br>    *Respondent*. | § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court is Eduardo Zapata-Ortiz's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Docket No. 1). The Government filed a response. (Docket No. 14). The Government also filed alternative motions to dismiss the § 2255 motion as time-barred and a motion to dismiss on the merits. (Docket Nos. 15, 16).

## BACKGROUND

On June 4, 2009, Zapata pleaded guilty, in the Southern District of Texas, Brownsville Division, to being an alien unlawfully found in the United States after having been deported and after having been previously convicted of an aggravated felony in violation of 8 U.S.C. §§ 1326(a),(b). On September 1, 2009, United States District Judge Hilda G. Tagle sentenced Zapata to a 46-month imprisonment followed by a three-year term of supervised release without supervision, and remitted a special assessment fee of $100.

## SECTION 2255 STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, there are four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.  The nature of a collateral challenge is extremely limited, being reserved only for issues of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If the error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## I
## THE PRESENT MOTION'S TIMELINESS

The Court must determine whether it may properly consider claims brought pursuant to a § 2255 motion before addressing the specific allegations within.  The issue of Zapata's timeliness in filing his § 2255 motion is particularly significant. *United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998) (addressing as a threshold issue the question of whether or not Movant's § 2255 motion was time-barred).

Title 28 U.S.C. § 2255 provides a one-year time limitation for filing a §2255 motion.  The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A conviction becomes final for § 2255 purposes at the expiration of the direct appellate process. *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005). The direct appellate process ends when a final judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or finally denied. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987).

Zapata's direct appellate process expired on October 14, 2009—fourteen days after the judgment in his criminal case was entered on September 30, 2009. *See* FED. R. APP. P. 4(b)(1)(A)(i); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 100 Stat. 1214, Zapata was required to file a § 2255 motion by no later than October 14, 2010.

Generally a document is deemed filed by a pro se litigant when it is delivered to prison authorities for mailing. See Gov't Resp. at 5 (Docket No. 14) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992)). The § 2255 Motion in this case is dated as "8/11/2010" which if read in the month-day-year format would mean that it was filed on August 11, 2010, notwithstanding the postmark date evincing that the Motion was mailed on November 8, 2010. The Government accuses the Movant of intentionally "back-dating" the Motion with the intent of bringing his motion within the one-year AEDPA period. See Gov't Resp. at 5 (Docket No. 14). The Government urges the Court to adopt the date of the postmark as the date of delivery for the purposes of the mailbox rule. *Ibid.* First, the Government offers no authority or justification for

3

the proposition that the postmark date should control the filing date other than to curb what it perceives to be a misleading intent.

But the record evinces no such intent. To be sure, the postmark date is November 8, 2010, but closer inspection of the date the Movant wrote on the Motion also denotes November 8, 2010, as "8/11/10."[1]

Zapata had until October 14, 2010, to file the present motion but did not do so until November 8, 2010. The Motion should therefore be dismissed as untimely filed.

## II
## THE PRESENT MOTION'S MERITS

Zapata claims ineffective assistance of counsel based on his attorney's failure: (1) to file a direct appeal notwithstanding being directed to do so; (2) to file a motion to suppress; (3) to keep Zapata apprised of his substantive rights and defenses; (4) to object to misleading testimony; (5) to correct cumulative errors and omissions; (6) to effectively represent Zapata during the sentencing phase and make Rule 32 objections to the Pre-Sentence Investigation Report.

Aside from his ineffective assistance of counsel claims, Zapata also alleges that: (a) his prior conviction for simple possession did not qualify as an aggravated felony; (b) the District Judge erred in relying on unsupported allegations in the presentence investigation report; (c) the District Judge committed procedural error in the imposition of the sentence; (d) his sentence was greater than necessary; and

---

[1] "When referring to dates, petitioner used the form common throughout much of the world: day-month-year. For example, February 15, 1991, would be stated as "15-2-91." The IJ seemed at first confused and then angered by this form of speech and accused the petitioner of trying to confuse him when there was nothing in the record to support that accusation. The petitioner tried to give dates in the form the judge wished, but he sometimes forgot or would get himself confused in trying to make the date clear. The judge showed little patience for this and in his opinion stated "[t]hat tended to be how he usually gave dates, not stating a month but merely rattling off numbers in that fashion." (Emphasis added.) At the least, this demonstrates ignorance of the manner in which much of the world communicates dates." *Elias v. Gonzales*, 490 F.3d 444, 451 (6th Cir. 2007).

(e) custodial sentences are more severe than probation sentences of equivalent terms.

### A.  Zapata's Ineffective Assistance of Counsel Claims

The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. 668, 687 (1984).  The *Strickland* standard also applies to allegations of defective appellate counsel as well. *See Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994). A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

Additionally an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067. Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. *Ibid*. In order to establish that he sustained prejudice, the convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694; *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (stating that a movant must show a reasonable probability that but for his appellate counsel's error, the outcome of his appeal would have been different).

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

Because a convicted defendant must satisfy both prongs of the Strickland test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong. *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d at 210. Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987). It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing

of prejudice. *See Black v. Collins*, 962 F.2d at 401; *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986).

Zapata's claim that his attorney ineffectively assisted him in light of an appellate waiver is puzzling given that no appellate waiver exists. See Gov't Resp. at 11 (Docket No 14). Zapata then claims that his counsel was also ineffective by failing to perfect an appeal on his behalf. But the Government, with the aid of Zapata's trial attorney, has produced the very document where Zapata acknowledged to his trial attorney the lack of interest in filing an appeal. See Gov't Resp. at 12, Casa Aff. at ¶ 8 (Docket No. 31).

Next, Zapata alleges that his defense counsel "failed to investigate" his case. Zapata was convicted of violating 8 U.S.C. § 1326. Zapata's defense counsel met with Zapata on at least four occasions, interviewed Zapata, looked into the validity of his prior convictions, and did the best he could under the circumstances and the nature of the charged offense. Alternatively, Zapata never substantiates exactly what went uninvestigated, much less, how that lack of an investigation prejudiced him.

Likewise Zapata never identifies what substantive rights and defenses were kept from him—only that some unidentified rights and defenses were kept from him. On the other hand, Zapata's attorney has testified that Zapata was continuously apprised of his rights during the four visits already mentioned. Likewise, the oral testimony that Zapata claims his attorney should have objected to is never identified. This is especially puzzling given that there was no testimonial evidence in Zapata's criminal proceedings because he pleaded guilty. Zapata does not clearly identify a solitary error on his attorney's behalf and therefore any claim that cumulative errors exist must fail.

Lastly, Zapata claims that his attorney failed to represent him during the sentencing phase and make Rule 32 objections to the Pre-Sentence Investigation Report. Again, Zapata misremembers his criminal proceedings. Zapata's attorney did file objections to the PSIR and successfully convinced the District Judge to not

adopt the prosecutor's recommendation for a sentence on the high-end of the sentencing guideline range. Zapata received a lower sentence than he would have received in the absence of his trial attorney based on his trial attorney's advocacy; the Constitution demands no more.

The Court is confident that, aside from being untimely filed, not one of Zapata's ineffective assistance of counsel claims satisfies both *Strickland* prongs. *See Strickland v. Washington*, 466 U.S. at 700. The Court recommends that this portion of Zapata's § 2255 motion be denied on that basis.

### B. The Balance of Zapata's Motion is Meritless

Aside from attacking his trial attorney's effectiveness, Zapata also alleges that: (a) his prior conviction for simple possession did not qualify as an aggravated felony; (b) the District Judge erred in relying on unsupported allegations in the presentence investigation report; (c) the District Judge committed procedural error in the imposition of the sentence; (d) his sentence was greater than necessary; and (e) custodial sentences are more severe than probation sentences of equivalent terms.

Zapata's sentence was not enhanced pursuant to an aggravated felony, it was enhanced pursuant to an alien smuggling offense, so again, Zapata misremembers the record. See U.S.S.G. § 2L1.2(b)(1)(A)(vii) ("a [previous] conviction for a felony that is . . . (vii) an alien smuggling offense, increase by 16 levels"). Finally, the Court agrees that the balance of Zapata's Motion is not cognizable via a Section 2255 motion. See Gov't Resp. at 15 (Docket No. 14) (citing *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines alone is not the type of error cognizable under § 2255")).

## RECOMMENDATION

A thorough review of all the files, records, transcripts and correspondence relating to the judgment being challenged conclusively shows that Zapata is not entitled to the relief sought. Accordingly, the Court RECOMMENDS that the relief sought in Zapata's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 20th day of May 2011.

Felix Recio
United States Magistrate Judge